UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ASA BACON,

                            Plaintiff,

         -against-

780 FULTON REALTY CORP., 780 FULTON
CHICKEN CORP., and POPEYES LOUISIANA
KITCHEN INC.,

                     Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

## INJUNCTIVE RELIEF SOUGHT

Plaintiff, ASA BACON, on behalf of herself and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants, 780 FULTON REALTY CORP., 780 FULTON CHICKEN CORP., and POPEYES LOUISIANA KITCHEN (collectively, "Defendants"), and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

## NATURE OF THE CLAIMS

1.    This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq. and its implementing

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*1 | P a g e*

regulation, and the New York State Executive Law (the "Executive Law") § 296.

2.      Plaintiff also alleges a claim for negligence.  As explained more fully below, Defendants own, lease, lease to, operate, and/or control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTIONAL ALLEGATIONS

3.      This is an action for injunctive relief for violations of the ADA entitling Plaintiff to attorneys' fees, litigation expenses, and costs expended in pursuing this action, in accordance with 28 U.S.C. § 12181 *et seq.*

4.      Defendant 780 FULTON REALTY CORP. (hereinafter "780 REALTY") is a corporation duly existing, licensed, and doing business under the laws of the State of New York.

5.      Defendant 780 REALTY is the owner of the property located at 780 Fulton Avenue, Town of Hempstead, County of Nassau, State of New York (hereinafter the "premises").

6.      Defendant 780 FULTON CHICKEN CORP. (hereinafter "780 CHICKEN") is a corporation duly existing, licensed, and doing business under the laws of the State of New York.

7.      Defendant 780 CHICKEN is the leaseholder and/or operator of a restaurant located on the premises.

8.      Defendant POPEYES LOUISIANA KITCHEN INC. (hereinafter

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*2 | P a g e*

"POPEYES") is a Florida corporation duly licensed and doing business in the State of New York.

9.    Defendant POPEYES is the leaseholder and/or operator of the restaurant establishment located on the Premises, and/or otherwise controlled and managed the operation of the premises.

10.    Plaintiff, is an adult confined to a wheelchair. Plaintiff is incapable of moving around outside of him home without assistance and a wheelchair. She has further restrictions speaking, caring for herself, and performing other tasks associated with daily living.

11.    Plaintiff resides in Hempstead, New York.

12.    This Court has original jurisdiction over claims arising under Title III of the ADA (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 & 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This Court has supplemental jurisdiction over Plaintiff's related claim(s) arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

13.    Venue properly lies in the Eastern District of New York, pursuant to 28 U.S.C. §1391, because Defendants' act(s) of discrimination alleged herein occurred in this district, and Defendants' place of public accommodation that is the subject of this action is located in this district.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14.    Defendants are public accommodations, as they own, lease, lease to, control, or operate a place of public accommodation, "Popeyes Louisiana

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*3 | P a g e*

Kitchen," located at the Premises, within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Admin. Code (§ 8-102(9)), which includes food establishments open to the public.

15.    The premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Admin. Code (§ 8-102(9)), as the facility is operated by a private entity as a food establishment, specifically within the definition of "public accommodation" required to be accessible, and its operations affect commerce.

16.    On or about August 19, 2023, Plaintiff attempted to access the business.

17.    On or about August 19, 2023, Plaintiff discovered that the vestibule is not navigable by wheelchair at Defendants' place of public accommodation that prevents and/or restricts access to Plaintiff, a person with a disability.

18.    The services, features, elements, and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by, Plaintiff, as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991, or the revised final regulation implementing Title III of the ADA adopted by the United States Department of Justice in 2010 (all  hereinafter referred to as the "Accessibility Standards").

19.    The services, features, elements, and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by Plaintiff, as

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*4 | P a g e*

required by the Admin. Code § 27-292 *et. seq.*

20.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the Accessibility Standards and the Admin. Code, Plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the Accessibility Standards, the Admin. Code, or the Building Code of the City of New York ("BCCNY").

22.     Plaintiff and her primary caretaker enjoy going out for daily activities, such as shopping and patronizing local businesses. Plaintiff cannot perform daily activities outside the house without assistance and a wheelchair.

23.     Plaintiff visited the property which forms the basis of this lawsuit but encountered architectural barriers at the subject property precluding her from reasonably accessing the services provided to non-disabled individuals. The barriers to access at the Premises have deterred Plaintiff from availing herself of and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities, and accommodations at Defendants' property equal to that afforded to other individuals.

24.     Defendants have and continue to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*5 | P a g e*

facilities on or before January 26, 1992[1] in violation of the ADA.

25.    More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public, and Plaintiff is further deterred and discouraged from additional travel due to Defendants' ongoing non-compliance with the ADA.

26.    Barriers to access that Plaintiff encountered and/or which exist at Defendants' place of public accommodation include, but are not limited to, the barriers identified below:

Site Arrival:

I.    There does not appear to be an accessible route from the public sidewalk to the building entrance. See below.
*Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1) and 2010 Standards 206.2.1.*

Public Entrance:

II.    The public entrance does not appear to be accessible. See below.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i). Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*

Public Exit:

III.    The public exit does not appear to be accessible. See below.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1.*

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*6 | P a g e*

Inaccessible Pathways of Travel:

IV.   The pathways do not appear accessible. See below.
      *Defendants fail to provide accessible means of ingress of a wheelchair*
      *throughout the establishment as required by ADA Code section 4.13.*

Inaccessible Bathrooms:

V.   The bathrooms are not accessible. See below.
     *Defendants fail to provide accessible means of the grab rail located*
     *alongside the toilet as required by ADA Code section 4.17.*

27.     Upon information and belief, the above-listed discriminatory violations are not exhaustive of all ADA violations on the Premises. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph, and measure all the barriers to access that constitute discriminatory acts in violation of the ADA.

28.     Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

29.     Defendants have failed to ensure that their place of public accommodation and the elements therein are in compliance with the Accessibility Standards, and the BCCNY, including but not limited to ensuring the maintenance of accessible features.

30.     The barriers to access within Defendants' place of public accommodation continue to exist.

31.     Plaintiff has a realistic, credible, and continuing threat of

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
7 | P a g e

discrimination from Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within Defendants' place of public accommodation continue to exist and deter Plaintiff.

32.     Plaintiff travels frequently to the neighborhood where Defendants' place of public accommodation is located and patronizes places in the neighborhood.

33.     Plaintiff intends to patronize Defendants' place of public accommodation after it becomes fully accessible and compliant with the Accessibility Standards and the relevant accessibility portions of the BCCNY.

34.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards and the relevant accessibility portions of the BCCNY.

35.     Plaintiff intends to patronize Defendants' place of public accommodation as a "tester" to monitor, ensure, and determine whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards and the relevant accessibility portions of the BCCNY – all for the benefit of those similarly situated to Plaintiff.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE ADA)**

36.     Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

37.     Plaintiff is substantially limited in the life activity of both walking and body motion range, and thus Plaintiff has a disability within the meaning

of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and has restricted use of him arms and hands.

38.     The ADA imposes joint and several liability on both the property owner and the lessee(s) of a public accommodation. 28 C.F.R. 36.201(b).

39.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because Plaintiff is disabled. Defendants' policies and practices have disparately impacted Plaintiff.

40.      By failing to comply with the law, Defendants have articulated to disabled persons, such as Plaintiff, that they are not welcome, are objectionable, and are not desired as patrons of Defendants' public accommodation.

41.     Defendants have discriminated against Plaintiff by designing and/or constructing a building, facility, and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the Accessibility Standards.

42.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled in violation of 42 U.S.C. §12182 and 28 C.F.R. § 36.203.

43.     Upon making alterations to their public accommodation, Defendants failed to make their place of public accommodation accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

44.     Defendants failed to make all readily achievable accommodations

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
**9 |** *P a g e*

and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

45. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff based on disability in violation of § 302 of the ADA, 42 U.S.C. §12182, and 28 C.F.R. §36.304.

46. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

47. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.202 *et seq*.

48. Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

49. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

50. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

51. Plaintiff suffers from various medical conditions that separately

and together prevent the exercise of normal bodily functions.  Plaintiff cannot perform the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

52.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation, all because Plaintiff is disabled.

53.     Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Defendants have aided and abetted others in committing disability discrimination.

54.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

55.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

56.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

57.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

58.     As a direct and proximate result of Defendants' unlawful discrimination, in violation of New York Executive Law, Plaintiff has suffered

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*11 | P a g e*

and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

59.     Plaintiff has suffered damages in the amount of at least **Fifty Thousand Dollars ($50,000.00)** from each Defendant, and the total amount shall be determined at trial.

### THIRD CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

60.     Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

61.      Defendants negligently designed, constructed, operated, repaired, and maintained their place of public accommodation, located at the Premises, in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

62.     At all relevant times, Defendants, who hold their property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain their place of public accommodation, located at the Premises, in a reasonably safe condition, including a duty to comply with the Admin. Code.

63.     Defendants breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation, located at the Premises, in a manner that has unreasonably endangered Plaintiff's physical safety and caused Plaintiff to fear for Plaintiff's safety.

64.     Defendants' failure to design, construct, operate, repair, and

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*12 | P a g e*

maintain their place of public accommodation, located at the Premises, is not safe to the disabled.

65.     As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

66.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

67.     Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff, in accordance with the above-mentioned laws.

68.     Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provisions of alternative methods in accordance with the ADA, Executive Law, and the Admin. Code.

## DECLARATORY RELIEF

69.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendants against Plaintiff, and as to required alterations and modifications to Defendants' place of public accommodation, facilities, goods, and services, and to Defendants' policies,

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*13 | P a g e*

practices, and procedures.

## ATTORNEY'S FEES, EXPENSES, AND COSTS

70.     In order to enforce Plaintiff's rights against Defendants, Plaintiff has retained counsel and are entitled to recover attorney's fees, expenses, and costs, pursuant to the ADA and the Admin. Code. 42 U.S.C. § 12205; 28 C.F.R. § 36.505; and Admin. Code § 8-502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants, jointly and severally, in favor of Plaintiff, that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the Executive Law, and the Admin. Code, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures; and

B. Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the Accessibility Standards, the Executive Law, and the Admin. Code, including but not limited to the violations set forth above; and

C. Retain jurisdiction over Defendants until this Court is satisfied that the Defendants' unlawful practices, acts, and omissions no longer exist and will not reoccur; and

D. Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to Plaintiff

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*14 | P a g e*

as compensatory damages, per defendant, plus pre-judgment interest, as a result of Defendants' violations of the Executive Law and the Admin. Code; and

E.  Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to Plaintiff as punitive damages, per defendant, in order to punish and deter Defendants for their violations of the Admin. Code; and

F.  Award reasonable attorney's fees, costs, and expenses, pursuant to the Admin. Code; and

G.  Find Plaintiff is the prevailing party in this litigation and award reasonable attorney's fees, costs, and expenses, pursuant to the ADA; and

H.  Any such other and further relief this Court shall deem just and proper.

Dated: Syosset, New York
        July 30, 2024

Respectfully submitted,

BELL LAW GROUP, PLLC

By: _____
Jessica E. Soultanian-Braunstein, Esq.
*Attorneys for Plaintiff,*
*ASA BACON*
116 Jackson Ave.
Syosset, NY 11791
516-280-3008
JSB@BellLG.com

*ASA BACON v. 780 FULTON CHICKEN CORP. et al*
*Complaint*
*15 | P a g e*