UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ASA BACON, Individually, and on
Behalf of All Others Similarly Situated

*Plaintiff(s),*

-against-

780 FULTON REALTY CORP. and 780
FULTON CHICKEN CORP.

*Defendant.*
-----------------------------------------------------------------------------X

**ANSWER AND AFFIRMATIVE DEFENSES**

Case No.: 24-cv-5367 (GRB)(LGD)

Defendants 780 Fulton Realty Corp. ("Fulton Realty") and 780 Fulton Chicken Corp. ("Fulton Chicken") (collectively, "Defendants"), by their attorneys, Quatela Chimeri, PLLC, in answer to the Complaint of Asa Bacon, individually, and on behalf of all others similarly situated ("Plaintiff"), hereby alleges as follows:

## NATURE OF THE CASE

1. The allegations contained in Paragraph "l" of the Complaint contain legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court. To the extent Paragraph "l" of the Complaint contains allegations of fact, they are denied.

2. As to the allegations contained in Paragraphs "2" and "3" of the Complaint, acknowledge that Plaintiff purports to proceed as set forth therein, but otherwise deny any factual allegations, or any entitlement to relief.

## VENUE AND JURISDICTION

3. The allegations contained in Paragraphs "4," "5," "6," and "7" of the Complaint contain legal conclusions to which no responsive pleading is required, and Defendants

respectfully refer all questions of law to the Court. To the extent these paragraphs contains allegations of fact, they are denied.

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

5. As to the allegations of Paragraphs "9" and "11," admit that Fulton Realty is an inactive domestic corporation, but otherwise deny the allegations therein.

6. Admit the allegation of Paragraph "10," "12," and "13."

## CLASS ACTION

7. As to the allegations contained in Paragraphs "14" and "15" of the Complaint, acknowledge that Plaintiff purports to proceed as set forth therein, but otherwise deny any factual allegations, or any entitlement to relief or approval to proceed as a class.

## STATUTORY SCHEME

8. The allegations contained in Paragraphs "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27" and "28" of the Complaint contain legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court. To the extent these paragraphs contain allegations of fact, they are denied.

## FACTUAL BACKGROUND

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29."

10. To the extent Paragraphs "30" and "31" call for a legal conclusion concerning "public accommodations," no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court. Otherwise, the factual allegations are admitted.

11. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraphs "32," and "33."

12. Deny the allegations of Paragraph "34."

13. As to the allegations of Paragraph "35," deny knowledge or information sufficient to form a belief as to the number or visits Plaintiff made to the subject property, and otherwise deny the allegations contained therein.

14. As to the allegations of Paragraph "36," deny the existence of any "unlawful architectural barriers," and otherwise deny the allegations.

15. Deny the allegations contained in Paragraphs "37," "38," "39," 40" and "41."

16. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph "42."

17. Deny the allegations of Paragraphs "43," "44," and "45."

18. As to the allegations of Paragraph "46," deny knowledge or information sufficient to form a belief as to Plaintiff's intention, but otherwise deny the factual allegations therein.

**FIRST CAUSE OF ACTION**

19. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph "47."

3

20. The allegations contained in Paragraph "48" contain legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court.

21. As to the allegations contained in Paragraph "49," admit that Fulton Realty owns the property located at 780 Fulton Ave., Hempstead, NY, and that a Popeyes restaurant is located there, but otherwise deny the allegations contained therein.

22. Deny the allegations of Paragraphs "50," "51," "52," and "53.

23. The allegations contained in Paragraphs "54" through "76" of the Complaint contain legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court. To the extent Paragraphs "54" through "76" of the Complaint contain allegations of fact, they are denied.

## SECOND CAUSE OF ACTION

24. In response to the allegations of paragraph "77," Defendants repeat and incorporate by reference the responses in Paragraphs "1" through "76" of this Answer as if fully set forth herein.

25. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph "78."

26. The allegations of Paragraph "79" and "80," contain legal conclusions to which no responsive pleading is required, and Defendants respectfully refer all questions of law to the Court. To the extent Paragraphs "79" and "80" of the Complaint contains allegations of fact, they are denied

27. Deny the allegations of Paragraphs "81," "82," "83," "84," "85," and "86."

## THIRD CAUSE OF ACTION

28. In response to the allegations of Paragraph "87," Defendants repeat and incorporate by reference the responses in Paragraphs "1," through "86," of this Answer as if fully set forth herein.

29. Deny the allegations of Paragraphs "88," "89," "90" and "91."

## FOURTH CAUSE OF ACTION

30. In response to the allegations of Paragraph "92," Defendants repeat and incorporate by reference the responses in Paragraphs "1," through "91," of this Answer as if fully set forth herein.

31. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph "93."

32. Deny the allegations of Paragraphs "94, "95," "96" and "97."

## FIFTH CAUSE OF ACTION

33. In response to the allegations of Paragraph "98," Defendants repeat and incorporate by reference the responses in Paragraphs "1" through "97" of this Answer, as if fully set forth herein.

34. Deny the allegations of Paragraph "99."

## INJUNCTIVE RELIEF

35. To the extent that Paragraphs "100," "101," "102" and "103" contain factual allegations, they are denied. Defendants also deny that Plaintiff is entitled to any of the relief set forth therein.

5

## WHEREFORE CLAUSE

36. Deny each remedy sought in sections (A) through (L) of the WHEREFORE clause of the Complaint, and further deny that any grounds exist for declaratory, injunctive, and/or equitable relief, or for monetary damages or attorneys' fees, costs, and expenses, or any other relief against Defendants and for Plaintiff. Defendants further deny all captions, headings, titles, introductory Paragraphs and allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

37. Plaintiff's causes of action are banned, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

38. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff lacks standing to bring these claims against Defendant.

### Third Affirmative Defense

39. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff does not have a legitimate and/or bona fide intent to attempt to access the locations identified in the Complaint other than for the purpose of pursuing litigation and again therefore lacks standing to bring such claims.

### Fourth Affirmative Defense

40. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff does not have a sufficient intent to return to the subject location, and Plaintiff does not have any real intent to return to the subject location.

6

**Fifth Affirmative Defense**

41.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of the ADA.

**Sixth Affirmative Defense**

42.     Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations.

**Seventh Affirmative Defense**

43.     Plaintiff's causes or action are barred, in whole or in part, because Plaintiff has brought this action in bad faith, without adequate factual bases or investigation, and without a prior request or demand to Defendants to resolve the alleged dispute, for the purpose of recovery of needless attorneys' fees.

**Eighth Affirmative Defense**

44.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff has failed to mitigate his damages, including attorneys' fees and costs by failing to provide pre-suit notice and an opportunity to cure.

**Ninth Affirmative Defense**

45.     Plaintiff's causes of action are barred, in whole or in part, because Defendants in good faith attempted to fully comply with all applicable provisions of the ADA.

**Tenth Affirmative Defense**

46.     Plaintiff's causes of action are barred, in whole or in part, because Plaintiff forfeited his right to relief under the doctrine of unclean hands.

**Eleventh Affirmative Defense**

47. Plaintiff's causes of action are barred, in whole or in part, to the extent that the relief demanded, if granted, would require a significant and fundamental alteration to the manner in which the premises provides goods and services and is not required, as a matter of law.

**Twelfth Affirmative Defense**

48. Plaintiff's causes of action are barred, in whole or in part, to the extent that the requested modifications, if granted, are not readily achievable or are technically infeasible.

**Thirteenth Affirmative Defense**

49. Plaintiff's causes of action are barred, in whole or in part, to the extent that the modifications requested, if granted, would create an undue burden and hardship on the Defendants as defined by the ADA.

**Fourteenth Affirmative Defense**

50. Plaintiff's causes of action are barred, in whole or in part, to the extent that the requested modifications, if granted, would be rendered technically unfeasible by local codes and ordinances or adversely affect the safety of the public.

**Fifteenth Affirmative Defense**

51. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff lacks standing to seek injunctive relief as he has failed to allege facts that give rise to an inference that he will suffer future discrimination by Defendant.

**Sixteenth Affirmative Defense**

52. Plaintiff's causes of action are barred, in whole or in part, by the equitable doctrines of laches, waiver and/or estoppel.

### Seventeenth Affirmative Defense

53. Plaintiff's causes of action are barred, in whole or in part, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration" legal standard, because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### Eighteenth Affirmative Defense

54. Plaintiff's causes of action are barred, in whole or in part, because the claimed violations are *de minimus* and non-actionable because they do not materially impair Plaintiff's use of an area of the subject property for any intended purpose.

### Nineteenth Affirmative Defense

55. The requirements for class certification, such as numerosity, commonality, typicality, and adequacy of representation, have not been met.

### Twentieth Affirmative Defense

56. The proposed class is not ascertainable, sufficiently defined or identifiable to satisfy the requirements for class certification.

### Twenty-First Affirmative Defense

57. Plaintiff has failed to demonstrate suffering actual damages or that damages can be calculated on a class-wide basis.

### Twenty-Second Affirmative Defense

58. There are no common questions of law or fact among the class members, making class certification inappropriate.

### Twenty-Third Affirmative Defense.

59. Plaintiff is an inadequate representative of the class due to conflicts of interest, lack of typicality, or other factors that undermine their ability to fairly and adequately represent the class.

### Twenty-Fourth Affirmative Defense

60. Plaintiff's causes of action are barred, in whole or in part, because Defendants did not intentionally impede or impair access to Plaintiff and at all times acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

### Twenty-Fifth Affirmative Defense

61. Plaintiff's Complaint is couched in broad and conclusory terms. Defendants cannot fully anticipate all defenses that may be applicable to this civil action. Accordingly, Defendants expressly reserves the right to amend his pleading to assert and set forth additional affirmative defenses based on disclosures and information obtained during discovery.

### CLAIM FOR ATTORNEYS' FEES

62. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, and applicable law, Defendants are entitled to recover from Plaintiff its attorneys' fees, costs and other disbursements incurred in this action.

### JURY DEMAND

63. Pursuant to Fed. R. Civ. P. 38, Defendants hereby demand a jury trial.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety with prejudice, together with such other and further relief as this Court may deem just,

proper and equitable, including an award of reasonable attorneys' fees, costs and other disbursements incurred in this action.

Dated:	Hauppauge, New York
	October 9, 2024

	Yours, etc.,

	**QUATELA CHIMERI, PLLC**
	*Attorneys for Defendants 780 Fulton Realty Corp.*
	*and 780 Fulton Chicken Corp.*

By:	_____
	Andrew K. Martingale, Esq.
	888 Veterans Memorial Hwy, Ste. 530
	Hauppauge, New York  11788
	631.482.9700
	akm@qclaw.com


TO:	**LAW OFFICES OF JAMES E. BAHAMONDE, P.C.**
	*Attorneys for Plaintiff*
	Attn:  James E. Bahamonde, Esq.
	646.290.8258
	james@civilrightsny.com

11